ADRIAN BRINKERHOOF *against* ALBERT G. DOREMUS and others.

IN DEBT.

A bond in the following words: " We A. B., C. D. and E. F. are held and firmly bound unto G. H. in the sum of seven hundred dollars, to be paid to the said G. H. or to their or either of their heirs, executors, administrators, or assigns, which payment well and truly to be made, we bind ourselves, our heirs, executors, and administrators, severally by these presents," is a *several* bond, and not *joint and several.*

This case was submitted to the court on written arguments.

*Vanarsdale* and *Hornblower*, for plaintiff, cited 1 *Saund.* 153; *n. Shep. Touch.* 375; *Bac. Abr. Title Obligation, D.* 4; 2 *Blck. Com.* 381; 298 *Hard.* 94.

*Frelinghuysen*, for defendant, and in support of the demurrer, cited 5 *Co. Rep.* 23, *a. Cro. Eliz.* 408, 470, 546, 5 *Co. Rep.* 19, *a.* 5 *Com. Dig.* 128 *Obligation, H. D. O. Dyer* 350. *Cro. Eliz.* 379.

EWING, C. J. The declaration, in this action, is upon a bond in the usual form; Albert G. Doremus, one of the defendants, after oyer, has demurred. The penal part of the bond is in the following words: " Know all men that we, Elizabeth Vanwinkle, John V. D. L. Brinkerhoof, Gabriel Genung, Peter Jackson, Albert Doremus, Benjamin Van D. L. Brinkerhoof, and Peter Schuyler Brinkerhoof, are held and firmly bound unto Adrian Brinkerhoof, in the penal sum of seven hundred dollars, to be paid to the said Adrian Brinkerhoof, or to their or either of their heirs, executors, administrators, or assigns, which payment well and truly to be made, we bind ourselves, our heirs, executors, and admin-

istrators, severally by these presents. Sealed with our seals, and dated the twelfth day of August in the year of our Lord one thousand eight hundred and sixteen." ·

This obligation as the defendant insists is several, but as the plaintiff alleges is joint or joint and several.

The penal part of a bond contains several clauses, each of which has its appropriate office; thus to express the person or persons to be bound, the name of the obligee or obligees, the sum, the date, the appropriation of the seals, and in the clause next preceding the latter, when the instrument is skillfully drawn, we find the manner in which the obligors, if more than one, are bound for the payment of the money. In this clause then, the nature of the present bond should in the first place be sought; we find there a mode of expression simple, precise, and clear of difficulty. "Which payment well and truly to be made, we bind ourselves, our executors, and administrators, severally by these presents." And that such is truly the meaning of the parties, will be clearly evinced by stripping off those words which have no necessary operation on this question, though highly useful for other purposes. It would then read thus, "We E. V. W. et cetera, are bound unto A. B. in the sum of 700 dollars to be paid to the said A. B. for which payment we bind ourselves severally." An instrument of this kind is oftentimes unskillfully drawn, and may, and frequently does, express the manner in which the parties are bound in some other than the appropriate clause. Wherever found, its just effect should be yielded to it, for the leading rule is to ascertain the meaning of the parties, and so to understand the instrument and give it operation, if thereby no known principle of law is violated.

The counsel of the plaintiff insists that there is a repugnancy between the leading clauses of the bond, "We are held and firmly bound," making, he says, a joint obligation, and "we bind ourselves severally," indicating, he admits, a

separation. Hence both clauses are to stand, and the bond is joint and several, or the latter is to be rejected, and the bond be deemed joint. But there is no such inconsistency. The words, we are held and firmly bound, if no more be said, would as the plaintiff's counsel justly assert, make a joint obligation; but, if more be said, these words always take their complexion from what is added to them. To be held and firmly bound, is as truly and aptly predicated of those who are bound severally, as of those who are bound jointly. When then these persons say they are bound, and afterwards, before the sentence is finished, declare the manner in which they are bound, the paramount rule of construction, that every word is to have its just effect, and that each part if possible is to be reconciled with every other, removes all difficulty out of the way of our enquiry.

In *Wigmore* v. *Wells,* 3 *Leon* 206, *Moor* 260, an obligation in these words, "we bind ourselves and every of us jointly," was held to be a joint obligation, for the word every is expounded by the word jointly.

In *Matthewson's Case,* 5 *Co.* 23, a charter party had been made between the master and owner of a ship, of the one part, and seven merchants of the other part, against one of whom this action was brought. The master and owner covenant with the merchants to transport certain merchandise, and the merchants covenant severally with the master and owner, that one merchant shall pay £3, and another £3, and so of the rest. The words are, they covenant severally, et cetera; and in the end, in the clause, and to the performance of all and singular the covenants, on the part of the aforesaid merchants to be performed, each of the merchants severally binds himself to the aforesaid master and owner in double the freight.

It was resolved, that although the merchants join in covenant, yet the word severally, makes it a several and not a joint covenant. Also, the latter clause is, in law several, by reason of the same word, and this word shall be referred to

the several covenants before. And, farther, that when the covenants are several, they are as several deeds written on one and the same piece of parchment.

The plaintiff's counsel in their brief, in allusion to this case remark, that the rules of construction for contracts, on which actions of covenant are brought, are peculiar, and do not apply to actions of debt upon bonds with penalties. The difference is not pointed out, nor the authority for the remark, either in precedent or principle given to us; and so far as relates to the present enquiry, I am unable to feel the force of the suggestion. The purpose is to attain the true meaning of the particular modes of expression; and wnether these are found in one or another species of instrument cannot, I apprehend, vary the result. The same answer cannot, however, be given to the *case of the inhabitants of the township of Middletown, in the county of Monmouth* v. *M'Cormick and another. Penn.* 500. The bond was in these words: "Know all men by these presents, that we D. M., T. M. and C. D. are held and firmly bound unto the inhabitants of the township of Middletown, in their corporate capacity, in the sum of one thousand dollars each, to be paid, et cetera." This court was of opinion, not that there was a repugnancy between the words; nor that because we are held and firmly bound, was found in one clause and, each, in another the bond was to be deemed joint and several; nor that the latter clause, each, was to be rejected, and the bond held joint; but that the bond was, on the only construction which could be given to the words, several in its nature.

In the present case I am of opinion the bond is several; the demurrer is well taken and judgment should be rendered for the defendant.

DRAKE, J. said, that although the reading of the penal part of the bond did not entirely satisfy him as to its true construction, he was relieved from all doubt by the decisive

expression of the meaning of the parties, to be found in the condition; and he concurred in the opinion that it is a several bond.

*Judgment for the defendant.*